**PUBLISH**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-03259-REB

DARLENE ROMO f/k/a DARLENE SIGALA,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#1],[1] filed December 2, 2013, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand on the limited grounds noted here.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff alleges that she is disabled as a result of neck pain following two cervical fusion surgeries, low back pain, nerve pain, depression, high blood pressure, and

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

headaches. After her application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on June 5, 2012. At the time of this hearing, plaintiff was 47 years old. She has a high school education and past relevant work experience as a receptionist. She has not engaged in substantial gainful activity since May 25, 2010, her alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. Plaintiff's high blood pressure and headaches were found not severe. The ALJ found that plaintiff had the residual functional capacity for light work with certain postural limitations, including most significantly the ability to sit and stand as needed, and which did not involve complex tasks. Although this finding precluded plaintiff's past relevant work, the ALJ concluded that there were other jobs existing in significant numbers in the national and local economies that she could perform. The ALJ therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the

impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a quinquepartite sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(a)(4)(i)-(v).  ***See also Williams v. Bowen*** 844 F.2d 748, 750-52

(10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  **Id.**  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  **Brown**, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  **Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  **Id.**

### III.  LEGAL ANALYSIS

Plaintiff alleges several grounds of error in this appeal. Because I concur with her assertion that the ALJ failed to articulate good cause to reject the opinion of her treating physician, I remand for further proceedings without addressing the remaining allegations of error, which potentially may be impacted on remand. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *Gorringe v. Astrue*, 898 F.Supp.2d 1220, 1225 (D. Colo. 2012).

Dr. Katherine Leppard treated plaintiff in 2009 and 2010 for pain management relating to her cervical spinal fusion surgeries.[2] Dr. Leppard administered a series of trigger point injections, which initially led to some improvement in plaintiff's pain. (Tr. 199-203.) Dr. Leppard therefore increased plaintiff's work schedule to four hours a day after her third of six injections. (*See* Tr. 200.) However, at the time of her final injection, plaintiff reported that she still had significant pain by the end of her truncated work day. (Tr. 198.) Dr. Leppard extended plaintiff's work restrictions in July 2009 (Tr. 198), but two months later, plaintiff was "not doing well" and was experiencing escalating headaches. Dr. Leppard believed plaintiff had "plateaued with physical therapy and trigger point injections" at that point. (Tr. 197.) Although medications helped "to a degree" (Tr. 194), by the following May, plaintiff reported escalating low back pain radiating into her lower extremities in addition to her neck pain and headaches, leading her to take a leave of absence from work that ultimately became permanent. (Tr. 193.)

In August 2010, Dr. Leppard completed a "Physical Capacities Chart," in which

---

[2] Plaintiff's car collided with an elk in February 2005, leading to her first cervical fusion at C5-C6. In August 2008, plaintiff was rear-ended by another car while at a complete stop and suffered an acute disc herniation above the previous fusion. She underwent a fusion at C4-C5 in December 2008. (Tr. 238-240.)

she stated that plaintiff could sit, stand, and walk for less than one hour each in an eight-hour day, would require the ability to change positions and take breaks as needed, and would need to be able to self-pace. (Tr. 245.) She further suggested that plaintiff's symptoms would interfere with her attention and concentration, markedly limiting her ability to complete a normal workday and to perform at a consistent pace. (Tr. 246-247.) She thus suggested that plaintiff was capable of less than sedentary work, an opinion which, if accepted, would support a finding of disability. The ALJ gave no weight to Dr. Leppard's opinion, however. (Tr. 17.) Because I conclude that this determination is not adequately substantiated, I remand.

The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(d)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Good cause may be found where the treating source's opinion is brief, conclusory, or unsupported by the medical evidence. *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). Even if a treating source opinion is not given controlling weight, it is still entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927." **Social Security Ruling 96-2p**, 1996 WL 374188 at *4 (SSA July 2, 1996). *See also Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).[3] In all events, a treating source opinion may not be rejected absent good cause

---

[3] These factors include: the physician's length of treatment of the claimant; the physician's frequency of examination; the nature and extent of the treatment relationship; the support of the physician's opinion afforded by the medical evidence of record; the consistency of the opinion with the record as a whole; and the specialization of the treating physician. 20 C.F.R. § 404.1527(c)(2).

for specific, legitimate reasons clearly articulated in the hearing decision. *Watkins*, 350 F.3d at 1301; *Goatcher v. United States Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995); *Frey*, 816 F.2d at 513.

In rejecting Dr. Leppard's opinion, the ALJ stated first that it was not supported by the objective medical findings, which showed "normal strength, nearly normal sensation, and normal reflexes in June 2011." (Tr. 17.)  Because Dr. Leppard stopped treating plaintiff in 2010 after plaintiff lost her insurance, I assume the ALJ is referring to the examination findings of the consultative examiner, Dr. Nancy Cutter. (*See* Tr. 220-225.)[4]  The ALJ assigned "great weight" to Dr. Cutter's functional capacity assessment. (Tr. 18.)[5]

Relying on the findings of a one-time consultative examination to discredit the opinion of a treating source, however, turns the treating source rule on its head.  The mere fact that the a treating source opinion conflicts with another medical source's opinion provides no basis *per se* for crediting the one over the other.  "The fact of such

---

[4] Relatedly, I note that throughout his opinion, the ALJ cites to the record by way of global references to multi-page exhibits, without pinpoint citations to specific pages therein.  This court is neither required nor inclined to scour the record in an attempt to divine the specific basis for an ALJ's opinion, and I thus repeatedly have found that such general citations do not substantiate the ALJ's disability decision. *See Morgan v. Colvin*, – F.Supp.3d –, 2014 WL 4670928 at *4 n.6 (D. Colo. Sept. 18, 2014); *Phillips v. Colvin*, – F.Supp.3d –, 2014 WL 4636379 at *3 n.4 (D. Colo. Sept. 16, 2014); *Russ v. Colvin*, – F.Supp.3d –, 2014 WL 4553235 at *4 (D. Colo. Sept. 15, 2014); *Cira v. Colvin*, – F.Supp.2d –, 2014 WL 4437285 at *3 (D. Colo. Sept. 9, 2014); *Guttierez v. Colvin*, – F.Supp.3d –, 2014 WL 4437280 at *4 (D. Colo. Sept. 9, 2014). *See also* **Order Affirming Commissioner** at 7 n.5, *Brown v. Colvin*, Civil Action No. 13-cv-02890-REB (noting that although record in that case "is both concise and plain enough to support the ALJ's decision, "[t]he Commissioner should now have fair notice of this court's position that, in general, such global references will not constitute substantial evidence in support of the ALJ's decision and thus will warrant remand").

[5] It should be noted, however, that Dr. Cutter's limitations do not show that plaintiff is capable of full-time employment either. (*See* Tr. 225 (opining that in an eight-hour workday, plaintiff can stand less than two hours, walk "about 2 hours," and sit four hours "with frequent rest breaks.").)

a conflict is what gives rise to the need for the ALJ to weigh the opinions in the first instance." **Gonzales v. Colvin**, – F.Supp.3d –, 2014 WL 4723878 at *5 (D. Colo. Sept. 22, 2014). **See also Gallegos v. Colvin**, 2014 WL 884795 at *4 n.2 (D. Colo. March 6, 2014) ("The fact that various source opinions may be inconsistent with one another gives rise to the need to weigh those opinions against one another in light of the evidence."). Such an observation is little more than a conclusion in the guise of a finding, which does not constitute substantial evidence in support of the disability determination. **See Hardman v. Barnhart**, 362 F.3d 676, 679 (10th Cir. 2004).

Moreover, the ALJ's apparent conclusion that findings of normal strength, sensation, and reflexes were inconsistent with the limitations Dr. Leppard suggested is hardly obvious, and certainly not one that the ALJ (or this court, for that matter) is qualified to make. **See Hamlin v. Barnhart**, 365 F.3d 1208,1221 (10th Cir. 2004) (ALJ may not substitute lay opinion on effect of medical findings for that of a medical professional); **McGoffin v. Barnhart**, 288 F.3d 1248, 1252 (10th Cir. 2002) ("[A]n ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation or lay opinion.*") (emphasis in original). Moreover, plaintiff's primary limitation appears to be pain, which the Commissioner herself recognizes may outstrip the objective medical evidence. **See** 20 C.F.R. § 404.1529; **Social Security Ruling 96-7p**, 1996 WL 374186 at *4-*5 (SSA July 2, 1996). **See also Musgrave v. Sullivan**, 966 F.2d 1371, 1375-76 (10th Cir. 1992) (citing **Luna v. Bowen**, 834 F.2d 161, 163-64 (10th Cir. 1987)) (setting forth tripartite test

for evaluating subjective reports of pain).

The second reason cited by the ALJ for fully discrediting Dr. Leppard's opinion was its alleged inconsistency with the other evidence of record. The only example cited by the ALJ, however, was plaintiff's allegedly "wide range of fairly normal activities of daily living," as allegedly set forth in a Function Report in April 2011. (Tr. 17, 146-153.) However, the ability to engage in limited household and other activities of daily living does not equate to the ability to perform substantial gainful activity on a regular work schedule. *See* 20 C.F.R. § 404.1572(c); ***Thompson v. Sullivan***, 987 F.2d 1482, 1490 (10th Cir. 1993). Moreover, it is hard to square the ALJ's characterization of plaintiff's daily activities with the report on which it purports to be based. Therein, plaintiff stated that her day consists of "have breakfast, take a pain pill, stretch a little, clean up house with lots of breaks, take a nap, take a short walk, have dinner, use an ice pack while watching television, go to bed." (Tr. 147.) Plaintiff stated that she could make "easy meals" such as sandwiches, could make her bed and wipe down the counters daily (for a total of 10 minutes a day), and do her limited other chores (dusting, laundry) weekly, "all at my own pace." (Tr. 148.) Yet she also reported that she had "lots of headaches" and that her "constant" pain made it difficult to sit, stand, and concentrate for very long, such that "[t]here are days I can barely make it out of bed." (Tr. 146.) Without further explanation as to how any of these minimal activities were inconsistent with the limitations Dr. Leppard imposed, I cannot find that they support the ALJ's ultimate conclusion as to the weight to be afforded Dr. Leppard's opinion.

I thus find and conclude that remand is warranted.[6]

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2. That this case is **REMANDED** to the ALJ to

   a. Reassess the various medical source opinions of record, citing legitimate reasons specifically tied to the evidence of record for his determinations of the weight to be given to each;

   b. Further develop the record as he sees fit;

   c. Reevaluate the determination of plaintiff's residual functional capacity, fully articulating his reasons, with specific citation to the evidence of record, for his determination in that regard; and

   d. Reassess the disability determination; and

3. That plaintiff is **AWARDED** her costs, to be taxed by the clerk of the court in the time and manner specified under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).

Dated March 16, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[6] Although plaintiff intimates that a directed award of benefits may be appropriate here, I find that this case to be an inappropriate instance for the exercise of my discretion in that regard.  ***See Nielson v. Sullivan***, 992 F.2d 1118, 1122 (10th Cir. 1993).  Additionally, by this decision, I do not find or imply that plaintiff is or should be found to be disabled.